**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

EDEN PINO, LESTER MONCADA, and WALTER
ULLOA, on behalf of themselves and all others similarly
situated,

        *Plaintiffs*,

    – against –

HARRIS WATER MAIN & SEWER CONTRACTORS,
INC., STEVEN KOGEL, individually, and BRETT
KOGEL, individually,

        *Defendants*.

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Case No. 17-cv-5910

Jury Trial Demanded

   Plaintiffs LESTER MONCADA ("Moncada"), EDEN PINO ("Pino"), and WALTER

ULLOA ("Ulloa") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly

situated, by and through their attorneys, Tarter Krinsky & Drogin LLP, as and for their

Complaint against defendants HARRIS WATER MAIN & SEWER CONTRACTORS, INC.

("Harris"), STEVEN KOGEL, individually ("Steven Kogel"), and BRETT KOGEL, individually

("Brett Kogel") (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

   1.  This is a civil action for damages and equitable relief based upon Defendants'

willful violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law

("NYLL"), and the N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12 §142-2.2, by failing to

pay earned wages, failing to pay earned overtime wages, making unlawful deductions from

wages, failure to reimburse the costs of required uniforms, failure to launder or maintain required

uniforms, failure to compensate employees for the laundering and maintenance of required

uniforms, failure to pay earned wages when due, retaliation for complaining about the failure to

pay earned wages, failure to furnish employees with required pay rate notices and wage statements, and for Defendants' unjust enrichment from their foregoing unlawful acts.

## PARTIES

2.      Upon information and belief, Defendant Harris is a domestic business corporation in the County of Kings, State of New York, authorized to do business pursuant to the laws of the State of New York, with its principal place of business located at 2600 Atlantic Avenue, Brooklyn, New York 11207.

3.      Defendant Harris' business includes, but is not limited to, the construction, installation, maintenance, repair, and/or replacement of residential and commercial water mains and sewer lines in the City of New York, State of New York.

4.      Upon information and belief, Defendant Steven Kogel is an owner, an operator, the President, and the Chief Executive Officer of Defendant Harris.

5.      Upon information and belief, Defendant Brett Kogel is an owner, an operator, and the Vice President of Defendant Harris.

6.      Plaintiffs were employed by Defendant Harris as non-exempt crew members/field employees performing manual labor including, but not limited to, the construction, installation, maintenance, repair, and/or replacement of residential and commercial water mains and sewer lines in the City of New York, State of New York.

7.      Plaintiff Moncada is a resident of the County of Queens, State of New York.

8.      Plaintiff Pino is a resident of the County of Queens, State of New York.

9.      Plaintiff Ulloa is a resident of the County of Suffolk, State of New York

## JURISDICTION AND VENUE

10.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action is brought under the federal FLSA, 29 U.S.C. §§ 201, *et seq*.

11.    This Court has supplemental jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

12.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Eastern District of New York has personal jurisdiction over Defendants and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of New York.

## TOLLING AGREEMENT

13.    The Parties entered into a Third Amended Tolling Agreement ("Tolling Agreement") dated August 29, 2017, by which the running of any statute(s) of limitations with respect to the allegations herein (and other time-related defenses) that had not, by law, statute or otherwise expired as of February 22, 2017, was tolled from February 22, 2017 until September 30, 2017 (approximately 31 weeks) (the "Tolling Period").

## ALLEGATIONS COMMON TO ALL CLAIMS

14.    Plaintiffs and the putative class and collective members were or are employed by Defendants as non-exempt crew members/field employees performing manual labor including, but not limited to, the construction, installation, maintenance, repair, and/or replacement of residential and commercial water mains and sewer lines in and throughout the City of New York, State of New York.

15.    Defendants Steven Kogel and Brett Kogel were each an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3) based on the level of control they

each had and/or exercised over the terms and conditions of Plaintiffs' employment.

16.    Defendants each had the authority to and did make personnel decisions including, but not limited to, directing, permitting, authorizing, and supervising the work of Plaintiffs and the putative class and collective members, their work duties, their assigned jobs and work locations, their work hours and any increase or decrease in those work hours, and hiring and firing decisions, and whether required pay rate notices would be provided and, if so, what information would be included or omitted from such notices and in what language(s) such notices would be provided.

17.    Defendants each also had the authority to and did make payroll decisions including, but not limited to, setting and modifying the compensation, regular rates and overtime rates of pay for Plaintiffs and the putative class and collective members, determining what hours of work would actually be paid, what deductions would be made from their wages, and what information would be included on their wages statements.

18.    Plaintiffs and the putative class and collective members have been victims of Defendants' unlawful common and uniform policy, pattern and practice of failing to pay earned wages and earned overtime wages for hours they worked over 40 hours in a week.

19.    Defendants instructed, directed, and/or permitted Plaintiffs and the putative class and collective members to work "off-the-clock" and did not pay them for those hours worked.

20.    Defendants deducted one (1) hour a day from the wages, of Plaintiffs and the putative class and collective members, for a meal period, even though they were instructed, directed, and/or permitted to work through such meal period.

21.    Plaintiffs and putative class and collective members have been victims of Defendants' unlawful common and uniform policy, pattern and practice of making unlawful

deductions from their wages.

22.     Plaintiffs and putative class and collective members have been victims of Defendants' unlawful common and uniform policy, pattern and practice of failing to reimburse the costs of required uniforms, failing to launder or maintain required uniforms, and failing to compensate employees for the laundering and maintenance of required uniforms.

23.     Plaintiffs and putative class and collective members have been victims of Defendants' unlawful common and uniform policy, pattern and practice of failing to pay earned wages when due.

24.     Plaintiffs and putative class and collective members have been victims of Defendants' unlawful common and uniform policy, pattern and practice of failing to furnish employees with pay rate notices and wage statements as required by the NYLL.

25.     At all times relevant, Defendants' aforementioned unlawful common and uniform policy, pattern and practice of violating the FLSA and the NYLL has been willful.

### ADDITIONAL ALLEGATIONS SPECIFIC TO MONCADA

26.     Plaintiff Moncada worked for Defendants from approximately 2005 until June 29, 2015.

27.     However, Moncada's relevant employment period is from approximately February 22, 2011 to June 29, 2015.

28.     During that time period, Moncada worked approximately 45 weeks in 2011, 52 weeks in 2012, 52 weeks in 2013, 50 weeks in 2014, and 26 weeks in 2015.

29.     During those weeks, Moncada worked an average of 70 hours each week, 5 days a week.   Approximately 55 of those work hours each week were "on-the-clock" and generally recorded in Defendants' log prior to 2013 and, thereafter, through Defendants' time clocks.

Moncada worked approximately 1.5-2.5 of hours prior to and/or after his scheduled shift each day which were "off-the-clock" hours not recorded in Defendants' logs and/or through the time clocks, for an average of approximately 10 hours per week.  Defendants also automatically deducted 1 hour each work day for a meal period, although Moncada was required regularly to work through his meal period each day, totaling an additional 5 hours of unpaid work time each week.

30.     Defendants only paid Moncada for approximately 40-45 hours for each week.

31.     As such, Defendants failed to pay Moncada for approximately 25 hours of work each week.  As such work was performed over 40 hours a week, Defendants were required to pay Moncada for the approximately 25 hours of unpaid worktime each week at 1.5 times his regular rate of pay.

32.     Moncada's regular rate of pay was $16 per hour from 2011-2012, $17 per hour from 2013 through June 3, 2015, and $18 per hour thereafter through the end of his employment. As such, Moncada's overtime rate was $24 per hour from 2011-2012, $25.50 from 2013 through June 3, 2015, and $27 per hour thereafter through the end of his employment.

## ADDITIONAL ALLEGATIONS SPECIFIC TO PINO

33.     Plaintiff Pino worked for Defendants from approximately April 2010 through 2016.

34.     However, Pino's relevant employment period is from approximately February 22, 2011 through December 2016.

35.     During that time period, Pino worked approximately 45 weeks in 2011, 52 weeks in 2012, 13 weeks in 2013, and 52 weeks a year from 2014-2016.

36.     During those weeks, Pino worked an average of 57.5-62 hours per week, 5 days a

week.  Approximately 50-55 of those work hours each week were "on-the-clock" and generally recorded in Defendants' logs prior to 2013 and, thereafter, through Defendants' time clocks. Pino worked approximately 30 minutes prior to and/or after his scheduled shift each day which were "off-the-clock" hours not recorded in Defendants' logs and/or through the time clocks, for an average of approximately 2.5 hours per week.  Defendants also automatically deducted 1 hour each work day for a meal period, although Pino was required regularly to work through his meal period each day, totaling an additional 5 hours of unpaid work time each week

37.    Defendants only paid Pino for approximately 40-48 hours for each of those weeks.

38.    As such, Defendants failed to pay Pino for approximately 15.5 hours of work each week.  As such work was performed over 40 hours a week, Defendants were required to pay Pino for the approximately 15.5 hours of unpaid worktime each week at 1.5 times his regular rate of pay.

39.    Defendants also failed to pay Pino for his last week of work covering approximately 50 additional hours of unpaid working time owed to Pino.

40.    Pino's regular rate of pay was $14 per hour in 2011, $16 per hour from 2012-2013, $17 per hour in 2014, $21 per hour in 2015, and $25 per hour in 2016.  As such, Pino's overtime rate was $21 per hour in 2011, $24 per hour from 2012-2013, $25.50 per hour in 2014, $31.50 per hour in 2015, and $37.50 per hour in 2016.

## ADDITIONAL ALLEGATIONS SPECIFIC TO ULLOA

41.    Plaintiff Ulloa worked for Defendants from approximately September 2010 through 2015.

42.    However, Ulloa's relevant employment period is from approximately February

22, 2011 through December 2015.

43.     During that time period, Ulloa worked approximately 45 weeks in 2011, and 50 weeks a year from 2012-2015.

44.     During those weeks, with an exception of 17 weeks in 2014 and 2015 (during the relevant statute of limitations period as tolled by the Tolling Agreement) when Defendants reduced Ulloa's working hours in retaliation for his complaints to Defendants about their improper payment of wages, Ulloa worked an average of 60-65 hours per week, 5 days a week. Approximately 50-55 of those work hours each week were "on-the-clock" and generally recorded in Defendants' logs prior to 2013 and, thereafter, through Defendants' time clocks. Ulloa worked approximately 1 hour prior to and/or after his scheduled shift each day which were "off-the-clock" hours not recorded in Defendants' logs and/or through the time clocks, for an average of approximately 5 hours per week. Defendants also automatically deducted 1 hour each work day for a meal period, although Ulloa was required regularly to work through his meal period each day, totaling an additional 5 hours of unpaid work time each week.

45.     Defendants only paid Ulloa for approximately 40-43 hours for each of those weeks.

46.     As such, Defendants failed to pay Ulloa for approximately 20 hours of work each week. As such work was performed over 40 hours a week, Defendants were required to pay Ulloa for the approximately 20 hours of unpaid worktime each week at 1.5 times his regular rate of pay.

47.     Ulloa's regular rate of pay was $17 per hour from 2011 through May 22, 2013, $18 per hour thereafter through the end of his employment. As such, Ulloa's overtime rate was $25.50 per hour from 2011 through May 22, 2013, and $27 per hour thereafter through the end of

of his employment.

48.     Plaintiff Ulloa orally complained multiple times to Defendants, in 2014 and 2015, regarding Defendants' failure to properly pay overtime compensation.  After each time Ulloa complained to Defendants, Defendants reduced his hours of work, in or about February 2014, May 2014, June 2014, September 2014, October 2014, November 2014, December 2014, January 2015, and February 2015, to an average of 30 hours a week each time he complained for a total of approximately 17 weeks (during the relevant statute of limitations period as tolled by the Tolling Agreement).  As a result of Defendants' retaliation, Ulloa suffered lost wages for the difference between the average of the 30 hours he was restricted to work and the approximately 60-65 hours he would have otherwise worked each of those approximately 17 weeks.

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE FLSA COLLECTIVE

49.     Plaintiffs bring the First and Second Causes of Action herein on behalf of themselves and all other similarly situated individuals, pursuant to 29 U.S.C. § 216(b), including: all persons who are or have been employed by Defendants as non-exempt crew members/field employees, at any time in the 3 years and approximately 31 weeks preceding the filing of the Complaint through the date of the final disposition of this action (together with Plaintiffs, referred to herein as the "FLSA Collective").

50.     At all times relevant to the Complaint, members of the FLSA Collective were or are each an "employee" employed by Defendants within the meaning of the FLSA, 29 U.S.C. 28 § 203(e).

51.     At all times relevant, Defendants have each been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

52.     At all times relevant, Steven Kogel and Brett Kogel were acting directly or

indirectly in the interest of Defendant Harris.

53.     At all times relevant, Defendants, upon information and belief, have had an annual gross volume of sales made or business done that is not less than $500,000 and have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54.     Defendants failed to pay the FLSA Collective for all hours worked and failed to pay the FLSA Collective an overtime premium of 1 ½ times their regular rate of pay for all work-hours in excess of 40 hours per workweek as required.

55.     On information and belief, Defendants have further violated the FLSA recordkeeping regulations, 29 CFR 516, by failing to accurately record, report, and/or preserve records for the FLSA Collective including, but not limited to, hours worked each day, total hours worked each workweek, the basis on which their wages were paid, regularly hourly pay rates, total daily or weekly straight-time earnings, total overtime earnings for the workweek, all deductions from their wages, total wages paid each pay period, and date of payment and pay period covered by the payment.

56.     Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of wages including overtime pay in violation of the FLSA, may be denied the opportunity to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

57.     The FLSA Collective is readily identifiable and locatable through use of the Defendants' records.  However, upon information and belief, the FLSA Collective potentially includes more than 80 current and former employees.

58.     The FLSA Collective should be notified of and allowed to opt-in to this action

pursuant to 29 U.S.C. § 216(b).

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE RULE 23 CLASS

59.     Plaintiffs bring the Third through Eighth Causes of Action herein on behalf of themselves and all other similarly situated individuals, pursuant to Fed. R. Civ. P. 23(a) and (b), including: all persons who are or have been employed by Defendants as non-exempt crew members/field employees, at any time during the 6 years and approximately 31 weeks prior to the filing of this Complaint through the date of the final disposition of this action (together with Plaintiffs, referred to herein as the "Rule 23 Class").

60.     At all times relevant to the Complaint, Plaintiffs and the putative class and collective members were or are each an "employee" within the meaning of NYLL § 190(2).

61.     At all times relevant, Defendants have each been an "employer" within the meaning of NYLL § 190(3).

62.     The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants, upon information and belief, there more than 80 putative Rule 23 Class members.

63.     In accordance with Fed. R. Civ. P. 23(b)(3), there are questions of law and fact common to the Rule 23 Class, including:

a.   Whether Defendants failed to properly pay earned wages;

b.   Whether Defendants failed to properly pay earned overtime wages;

c.   Whether Defendants made unlawful deductions from wages;

d.   Whether Defendants failed to reimburse the costs of purchasing required uniforms;

  e. Whether Defendants failed to launder or maintain required uniforms;

  f. Whether Defendants failed to compensate for the laundering and maintenance of required uniforms;

  g. Whether Defendants failed to pay all earned wages when due;

  h. Whether Defendants provided pay rate notices meeting the requirements outlined in NYLL § 195(1)(a) upon hire and upon any change in the rate of their pay or payday in the employees' primary language;

  i. Whether Defendants provided wage statements meeting the requirements outlined in NYLL § 195(3) with each payment of wages, and;

  j. Whether Defendants' actions were willful.

64. Plaintiffs' claims are typical of the claims of the Rule 23 Class, as they were, among other things, all employed in the same or similar capacities and subject to the same aforementioned unlawful common and uniform policy, pattern and practice of Defendants.

65. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class and have retained the undersigned counsel experienced in FLSA and NYLL class and collective action litigation.

66. Prosecuting separate actions by the individual Rule 23 Class members would create a risk of inconsistent and varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants.

67. Prosecuting separate actions by the individual Rule 23 Class members would also create a risk of adjudication with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impeded their ability to protect their interests.

68.     The questions of law or fact common to the Rule 23 Class members predominates over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of this wage and hour litigation, where over 80 persons lack the individual resources to vigorously prosecute their claims and seek relief based on the Defendants' aforementioned unlawful common and uniform policy, pattern and practice which, upon information and belief, remain ongoing.

69.     Defendants further violated the NYLL § 195 and its implementing regulations, 12 NYCRR 142-2.6, by failing to establish, maintain, and preserve for not less than six years contemporaneous, true, and accurate records for the Rule 23 Class including, but not limited to, pay notices and payroll records showing regularly hourly rate or rates of pay; the overtime rate or rates of pay; the amount of gross wages, itemized deductions from gross wages, and net wages paid, and contemporaneous, true, and accurate records, for each week worked, the hours worked (including the number of hours worked daily and weekly and the number of regular hours worked and the number of overtime hours worked).

70.     Plaintiffs are entitled to and are claiming liquidated damages on their NYLL claims, unless and until the Rule 23 Class is certified, at which point Plaintiffs will waive their claim for liquidated damages under the NYLL.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
**(Defendants' unlawful failure to pay wages and overtime wages)**
**AN FLSA VIOLATION**

71.     Plaintiffs, on behalf of themselves and the FLSA Collective, repeat and reallege each of the foregoing allegations as if fully set forth herein.

72.     Defendants employed Plaintiffs and the FLSA Collective for workweeks longer

than 40 hours and willfully failed to compensate Plaintiffs and the FLSA Collective for the time worked in excess of 40 hours per week at a rate of at least one and one-half times their respective regular rate of pay for each hour worked in excess of 40 per week, in violation of the requirement of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

73.     Defendants also failed to pay Plaintiffs and, upon information and belief, the FLSA Collective their respective hourly wage for time spent working through their meal periods, for which an hour was automatically deducted each day.  To the extent the time spent working through their meal periods caused Plaintiffs and the FLSA Collective to work more than 40 hours in a week, Plaintiffs and the FLSA Collective are require to be compensated at one and one-half times their respective regular rate of pay.

74.     Defendants also failed to pay Plaintiff Pino for his last week of work and owe him wages and overtime wages for approximately 50 additional hours of unpaid time.  Upon information and belief, Defendants also failed to pay other FLSA Collective Members for their final week of work.

75.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

76.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs and the FLSA Collective.

77.     Because Defendants' violations of the FLSA were willful, a 3 year statute of limitations applies pursuant to 29 U.S.C. § 255 in addition to the approximately 31 weeks during which Plaintiffs' claims were tolled pursuant to the Tolling Agreement.

78.     As a consequence of Defendants' violations, Defendants are liable to Plaintiffs and the FLSA Collective in the amount of their unpaid overtime compensation, an additional

equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Defendants' unlawful retaliation and discrimination)**
**AN FLSA VIOLATION**

79.    Plaintiffs, on behalf of themselves and the FLSA Collective, repeat and reallege each of the foregoing allegations as if fully set forth herein.

80.    Defendants discriminated against Plaintiff Ulloa in violation of Section 215(a)(3) of the FLSA when they penalized him, by reducing his hours of work and corresponding wages, in retaliation for his complaints regarding Defendants' failure to properly pay overtime compensation.

81.    As a result of Defendants' unlawful discrimination, Ulloa suffered lost wages for the difference between the average of the 30 hours he was restricted to work and the approximately 60-65 hours he would have otherwise worked each of those approximately 17 weeks.

82.    Upon information and belief, Defendants also unlawfully discriminated against members of the FLSA Collective, because they complained to Defendants regarding Defendants' failure to properly pay overtime wages, in violation of violation of Section 215(a)(3) of the FLSA.

83.    As a consequence of Defendants' violations, Defendants are liable to Plaintiff Ulloa and members of the FLSA Collective for legal and equitable relief, including without limitation, the payment of wages lost and an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Defendants' unlawful failure to pay wages and overtime wages)**
**A NYLL VIOLATION**

84.    Plaintiffs, on behalf of themselves and the Class, repeat and reallege each of the foregoing allegations as if fully set forth herein.

85.    Defendants employed Plaintiffs and the Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the Class for the time worked in excess of 40 hours per week at a rate of one and half times their regular hourly rate in violation of the requirements of the NYLL.

86.    By the course of conduct set forth above, Defendants have violated NYLL § 650, *et seq*., and 12 N.Y.C.R.R. 142.

87.    Defendants also failed to pay Plaintiffs and the Class their "off-the-clock" work that Defendants suffered or permitted them to work.  To the extent the time spent performing "off-the-clock" work caused Plaintiffs and the Class to work more than 40 hours in a workweek, Plaintiffs and the Class are required to be compensated at one and one-half times their regular rate of pay.

88.    Defendants' failure to pay earned wages and overtime wages to Plaintiffs and the Class was willful within the meaning of NYLL § 663.

89.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the Class have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid wages and overtime wages and such other legal and equitable relief due to Defendants' unlawful and willful conduct as the Court deems just and proper.

90.    Plaintiffs, on behalf of themselves and the Class, seek recovery of attorneys' fees, interest, and costs to be paid by Defendants as provided by the NYLL.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Defendants' failure to pay wages when due)**
**A NYLL VIOLATION**

91.     Plaintiffs, on behalf of themselves and the Rule 23 Class, repeat and reallege each of the foregoing allegations as if fully set forth herein.

92.     Defendants have failed to pay Plaintiffs and the Class all wages and overtime wages for the hours they worked for Defendants.  The NYLL requires that wages be paid on the employee's regular payday for all hours worked.

93.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Defendants' failure to pay for purchasing, laundering and maintaining required uniforms)**
**A NYLL VIOLATION**

94.     Plaintiffs, on behalf of themselves and the Class, repeat and reallege each of the foregoing allegations as if fully set forth herein.

95.     The NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.5(c), provide that where an employee purchases a required uniform, the employee shall be reimbursed by the employer for the cost thereof not later than the time of the next payment of wages, and where an employer fails to launder or maintain required uniforms for any employee, the employer shall pay such employee, in addition to the minimum wage, the following amount for employees who work more than 30 hours per week: $9.00 per week on and after July 24, 2009; $9.95 per week on and after December 31, 2013; $10.90 per week on and after December 31, 2014; $11.20 per week on and after December 31, 2015; $13.70 on and after December 31, 2016, and; $16.20 on and after December 31, 2017.

96.    Defendants required Plaintiffs and the Rule 23 Class to wear a uniform during the performance of their employment duties.

97.    Defendants required Plaintiffs and, upon information and belief, the Rule 23 Class, to purchase required uniforms.

98.    Defendants unlawfully failed to reimburse Plaintiffs and, upon information and belief, the Rule 23 Class for the costs of purchasing required uniforms.

99.    Defendants failed to launder or maintain required uniforms, and unlawfully failed to pay Plaintiffs and, upon information and belief, the Rule 23 Class for the laundering and maintenance of required uniforms.

100.    In failing to reimburse Plaintiffs and the Rule 23 Class for the costs of purchasing required uniforms and the laundering and maintenance of required uniforms and in failing to pay Plaintiffs and the Class the additional required laundry and maintenance costs incurred by Plaintiffs and the Rule Class, Defendants have violated the NYLL and 12 NYCRR §142-2.5.

101.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants the costs of purchasing required uniforms, additional sums due them for the laundering and maintenance of required uniforms, reasonable attorneys' fees, costs, and pre-judgement and post-judgment interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Defendants' unlawful deductions from wages)
### A NYLL VIOLATION

102.    Plaintiffs, on behalf of themselves and the Rule 23 Class, repeat and reallege each of the foregoing allegations as if fully set forth herein.

103.    The NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.10, prohibits an employer's unlawful deductions from wages.

104.    However, Defendants unlawfully deducted the costs of purchasing required uniforms from the wages of Plaintiffs and, upon information and belief, the Rule 23 Class.

105.    Defendants also unlawfully fined Plaintiff Moncada and, upon information and belief, other members of the Rule 23 Class for not wearing their uniforms, and deducted the amount of such fines from their wages.

106.    In making unlawful deductions, Defendants violated the NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.10.

107.    Plaintiffs and the Rule 23 Class are, therefore, entitled to recover from Defendants amounts equal to the unlawful deductions, reasonable attorneys' fees, costs, and pre-judgement and post-judgment interest.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Defendants' violation of the their notice and wage statement requirements)
### A NYLL VIOLATION

108.    Plaintiffs, on behalf of themselves and the Class, repeat and reallege each of the foregoing allegations as if fully set forth herein.

109.    Defendants failed to supply Plaintiffs and the Rule 23 Class with written notice of, among other things, how they are paid, and their rates of pay and overtime rate, both in English and in their respective primary language, as required by NYLL § 195.

110.    Defendants failed to supply Plaintiffs and the Rule 23 Class with accurate wage statements each payday listing, among other things, payroll data including, but not limited to, accurate regular and overtime hours worked and regular and overtime rates of pay as required by NYLL § 195.

111.    Due to Defendants' violations of NYLL § 195, Plaintiffs and the Rule 23 Class are entitled to statutory damages pursuant to NYLL § 198, reasonable attorneys' fees, costs, and

injunctive and declaratory relief.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Defendants' unjust enrichment from Defendants' failure to pay wages)
### A COMMON LAW VIOLATION

112.    Plaintiffs, on behalf of themselves and the Class, repeat and reallege each of the foregoing allegations as if fully set forth herein.

113.    At all times material to this Complaint, Defendants, by their policies and actions, benefited from, and increased their profits and personal compensation by failing to pay Plaintiffs and the Class all wages due for work performed including but not limited to all overtime hours worked in excess of 40 hours in a workweek.

114.    Defendants accepted and received the benefits of the work performed by Plaintiffs and the Class at the expense of Plaintiffs and the Class.  Defendant Steven Kogel was unjustly enriched as he is and was, upon information and belief, an owner, and the President and CEO of Harris.  Defendant Brett Kogel was unjustly enriched as he is and was, upon information and belief, an owner and the Vice President of Harris.

115.    It is inequitable and unjust for Defendants to reap the benefits of Plaintiffs' and the Class' labor, which includes unpaid wages including overtime.

116.    Plaintiffs and the Class are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants plus interest on these amounts.

## DEMAND FOR TRIAL BY JURY

117.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,

respectfully request the following relief:

A.     Designation of the claims brought in this action under the FLSA as a collective action on behalf of Plaintiffs and the FLSA Collective and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

B.     Certification of the claims brought in this case under the NYLL as a class action pursuant to Fed. R. Civ. P. 23;

C.     Designation of Plaintiffs as class representatives, and appointing the undersigned counsel of record as Class Counsel;

D.     That Defendants are found to have violated the provisions of the FLSA and the NYLL;

E.     That Defendants violations of the FLSA and the NYLL are found to be willful violations;

F.     All damages that Plaintiffs, the FLSA Collective, and the Rule 23 Class have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, the FLSA Collective, and the Rule 23 Class would have received but for Defendants' unlawful common and uniform policy, pattern and practice;

G.     An additional and equal amount in unpaid wages as liquidated damages pursuant to 29 U.S.C. § 216;

H.     An additional and equal amount in unpaid wages as liquidated damages pursuant

to NYLL § 215, unless and until the Rule 23 Class is certified, at which time Plaintiffs will waive their claims for liquidated damages under the NYLL;

I.      Statutory damages pursuant to NYLL §§ 198 and 663;

J.      Awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class their reasonable attorneys' fees, costs of the action, and service awards for Plaintiffs for services they provide to the FLSA Collective and Rule 23 Class;

K.      Pre-judgment and post-judgment interest, as provided by law;

L.      Granting Plaintiffs, the FLSA Collective, and the Rule 23 Class other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       October 10, 2017

                                        **TARTER KRINSKY & DROGIN LLP**
                                        *Attorneys for Plaintiffs, on behalf of*
                                        *themselves, the FLSA Collective, and the*
                                        *Rule 23 Class*


                                        By:     s/Laurent S. Drogin
                                                Laurent S. Drogin (LD-4770)
                                                Tara Toevs Carolan (TT-7181)
                                                1350 Broadway, 11th Floor
                                                New York, New York 10018
                                                (212) 216-8000
                                                ldrogin@tarterkrinsky.com
                                                tcarolan@tarterkrinsky.com

# TRANSLATOR'S

# CERTIFICATE OF

# ACCURACY

*ANNABELLE CASTILLO COHEN does hereby affirm as follows*:

That I am fluent in both the English and Spanish languages.

That I am competent to translate from English to Spanish.

That I have made translations from a copy of the original documents in the English language and hereby certify that the following documents are true and complete translation to the best of my knowledge, ability, and belief.

- Class and Collective Action Complaint;
- Consent to Sue for each; Eden Pino, Lester Moncada, and Walter Ulloa

ANNABELLE CASTILLO COHEN

Sworn before me this _10th_ day of _October_____, 2017.

Notary Public

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020