**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

EDEN PINO, LESTER MONCADA, and WALTER ULLOA, on behalf of themselves and all others similarly situated,

                        *Plaintiffs*,

– against –

HARRIS WATER MAIN & SEWER CONTRACTORS, INC., STEVEN KOGEL, individually, and BRETT KOGEL, individually,

                        *Defendants*.

Case No. 17-cv-5910 (KAM)(RER)

# MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiffs*
Laurent S. Drogin
Tara Toevs Carolan
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
ldrogin@tarterkrinsky.com
tcarolan@tarterkrinsky.com

01496630.DOCX

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

BACKGROUND ...................................................................................................................................2

ARGUMENT .........................................................................................................................................4

      A.  Legal Standard ..................................................................................................4
      B.  Plaintiffs are Similarly Situated to Potential Opt-in Plaintiffs.....................5
      C.  Distribution of Notice to Potential Plaintiffs .............................................6
      D.  Dissemination of a Deadline Reminder .......................................................8
      E.  Posting of Notice at Defendants' Place of Business ...................................8
      F.  Contact Information for Potential Plaintiffs ...............................................8

CONCLUSION......................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Cohan v. Columbia Sussex Mgmt.,
   No. 12-cv-3203, 2013 WL 8367807 (E.D.N.Y. Sept. 19, 2013) ..............................................7

DiLonez v. Fox Linen Serv., Inc.,
   35 F. Supp. 3d 247 (E.D.N.Y. 2014) ............................................................................... *passim*

Hernandez v. Immortal Rise, Inc.,
   No. 11-cv-4360, 2012 WL 436974 (E.D.N.Y. Sept. 24, 2012) ................................................6

Kemper v. Westbury Operating Corp.,
   No. 12-cv-0895, 2012 WL 4976122 (E.D.N.Y. Oct. 17, 2012) ...............................................7

Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.,
   No. 12-cv-265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012) ...................................................8

Klimchak v. Cardrona, Inc.,
   No. 09-cv-04311, 2011 WL 1120463 (E.D.N.Y. Mar. 24, 2011).............................................7

Lujan v. Cabana Mgmt., Inc.,
   No. 10-cv-755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) .....................................................8

Myers v. Hertz Corp.,
   624 F.3d 537 (2d Cir. 2010).....................................................................................................5

Puglisi v. TD Bank, N.A.,
   998 F. Supp. 2d 95 (E.D.N.Y. 2014) .....................................................................................6, 9

Rosario v. Valentine Ave. Disc. Store, Co., Inc.,
   828 F. Supp. 2d 508 (E.D.N.Y. 2011) ......................................................................................8

Serebryakov v. Golden Touch Transp. of NY, Inc.,
   181 F. Supp. 3d 169 (E.D.N.Y. 2016) ..............................................................................5, 7, 8

**Statutes**

29 U.S.C. § 207(a)(1)......................................................................................................................5

29 U.S.C. § 216(b) ......................................................................................................................1, 5

Fair Labor Standards Act ...................................................................................................... *passim*

New York Labor Law ........................................................................................................1, 3, 6, 7

**PRELIMINARY STATEMENT**

Plaintiffs Eden Pino ("Pino"), Lester Moncada ("Moncada"), and Walter Ulloa ("Ulloa") (collectively, "Plaintiffs") commenced this action, on behalf of themselves and other similarly situated current and former employees, alleging that their former employers, defendants Harris Water Main & Sewer Contractors, Inc. ("Harris") and its owners Steven Kogel ("Steven Kogel") and Brett Kogel ("Brett Kogel") (collectively, "Defendants"), willfully violated the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and their implementing regulations by failing to pay earned wages, failing to pay earned overtime wages, making unlawful deductions from wages, failing to reimburse the costs of required uniforms, failing to launder or maintain required uniforms, failing to compensate employees for the laundering and maintenance of required uniforms, failing to pay earned wages when due, failing to furnish employees with required pay rate notices and wage statements, and retaliating when employees complained about Defendants' failure to pay earned wages.

Plaintiffs bring this motion for an order pursuant to 29 U.S.C. § 216(b):

1. conditionally certifying a collective action;

2. authorizing the distribution of the proposed collective action Notice, via first class mail and electronic mail, in English and Spanish with the proposed Consent form in English and Spanish (copies of which are attached in English at **Exhibits B** and **C**, respectively, to the Declaration of Tara Toevs Carolan dated February 23, 2018 ("Carolan Decl.")) to all current and former non-exempt crew member/field workers who worked for Defendants at any time within the six years prior to the filing of the Complaint through the date of any order granting conditional certification;

3. authorizing the posting of the proposed collective action Notice in English and Spanish with copies the proposed Consent form in English and Spanish (copies of which are attached in English at **Exhibits B** and **C**, respectively, to the Carolan Decl.) in conspicuous places at Defendants' place of business;

4. authorizing the distribution of the proposed Deadline Reminder and Consent form, via first class mail and email, in English and Spanish (copies of which are attached in English at **Exhibits D** and **C**, respectively, to the Carolan Decl.), and;

5. directing Defendants to produce, in an agreed-upon electronic format, the names, last known addresses, telephone numbers (both home and mobile), e-mail addresses, and dates of employment of all current and former non-exempt crew member/field workers, who worked for Defendants at any time within the six years prior to the filing of the Complaint through the date of any order granting conditional certification, within ten (10) calendar days of any order granting conditional certification.

## BACKGROUND

The background facts are set forth in the accompanying Carolan Decl.; the Class and Collective Action Complaint filed on October 10, 2017 (Doc. 1) ("Complaint" or "Compl.") (attached at **Exhibit A** to the Carolan Decl.); the declarations of Named Plaintiffs Pino dated January 24, 2018 ("Pino Decl.") (attached at **Exhibit E** to the Carolan Decl.), Moncada dated February 21, 2018 ("Moncada Decl.") (attached at **Exhibit F** to the Carolan Decl.), and Ulloa, dated February 21, 2018 ("Ulloa Decl.") (attached at **Exhibit G** to the Carolan Decl.), and; the declaration of opt-in plaintiff Ariel Mendoza ("Mendoza")[1] dated February 23, 2018 ("Mendoza Decl.") (attached at **Exhibit H** to the Carolan Decl.), which are summarized below.

Plaintiffs and putative collective action members were employed by Defendants as non-exempt crew members/field employees performing construction, installation, repair and/or replacement of residential and commercial water mains and sewer lines in New York, New York. (Carolan Decl., Ex. A., Compl. ¶ 14.) Pino worked for Defendants from approximately April 2010 through 2016. (Id. ¶ 33.) Moncada worked for Defendants from approximately 2005 until June 29, 2015. (Id. ¶ 26.) Ulloa worked for Defendants from approximately September 2010 through 2015. (Id. ¶ 41.) Potential opt-in plaintiff Mendoza worked for Defendants from approximately 2010 to 2014. (Mendoza Decl. ¶ 1.)

---

[1] Mendoza's consent to become a party plaintiff and make claims under the FLSA against defendants was filed on January 24, 2018 (Doc. 18) (a copy of which is annexed at **Exhibit I** to the Carolan Decl.).

01496630.DOCX                                2

Defendants willfully violated the FLSA and the NYLL by failing to pay earned wages including earned overtime wages, for all hours worked over 40 hours in a week, to Plaintiffs and those similarly situated to Plaintiffs including, but not limited to Mendoza, and retaliated against employees, including Ulloa and Mendoza, when they complained about not receiving all of their earned overtime pay.  Pino worked about 60 hours a week but was only paid for about 40-48 of those hours each week.  (Pino Decl. ¶ 4.)  Moncada worked about 70 hours each week but was only paid for about 40-45 of those hours each week.  (Moncada Decl. ¶¶ 4, 5.)  Ulloa was only paid for about 40-43 of the 60-65 hours he worked each week with the exception of about 17 weeks, when Defendants reduced his working hours after he complained about not receiving all of his overtime wages.  (Ulloa Decl. ¶¶ 4, 5.)  Mendoza worked about 60 hours a week for Defendants until he was terminated for complaining about not being paid all of his overtime wages.  (Mendoza Decl. ¶¶ 4, 5.)

Included in the time for which Plaintiffs and Mendoza were not paid were the hours they spent loading and/or unloading trucks that they would take to their assigned jobsites each workday.  (Pino Decl. ¶¶ 5, 6; Moncada Decl. ¶¶ 7, 8; Ulloa Decl. ¶¶ 8, 9; Mendoza Decl. ¶¶ 7, 8.)  Plaintiffs and Mendoza also observed other crew members/field employees performing the same duties of loading and/or unloading their respective trucks before and/or after their shifts.  (Pino Decl. ¶ 8; Moncada Decl. ¶ 9; Ulloa Decl. ¶ 10; Mendoza Decl. ¶ 10.)  Neither Plaintiffs nor potential opt-in plaintiff Mendoza were aware of or ever observed a crew specifically designated for loading and/or unloading the trucks.  (Pino Decl. ¶ 7; Moncada Decl. ¶ 6; Ulloa Decl. ¶ 7; Mendoza Decl. ¶ 9.)  Rather, they personally loaded and unloaded their own trucks and witnessed other crew members/field workers like themselves doing the same.  (Pino Decl. ¶¶ 5, 6, 8; Moncada Decl. ¶¶ 7, 8, 9; Ulloa Decl. ¶¶ 8, 9, 10; Mendoza Decl. ¶¶ 9, 10.)

Additionally, while Plaintiffs and Mendoza were not provided with proper lunch breaks, Defendants deducted hours from their pay for lunch breaks that they did not receive. (Pino Decl. ¶ 9; Moncada Decl. ¶ 10; Ulloa Decl. ¶ 11; Mendoza Decl. ¶ 11.) Plaintiffs and Mendoza also witnessed their fellow crew members/field employees not being provided with proper time for lunch breaks. (Pino Decl. ¶ 10; Moncada Decl. ¶ 11; Ulloa Decl. ¶ 12; Mendoza Decl. ¶ 12.)

Based on conversations with other individuals employed by Defendants as crew members/field workers including, but not limited to, Mendoza, Johnny Martinez, Carlos Giron, and Luis Fabian, Plaintiffs became aware that Defendants also failed to pay them for the loading and unloading of trucks and were also deducting hours from their pay for lunch breaks that they were not provided. (Pino Decl. ¶ 12; Moncada Decl. ¶ 13; Ulloa Decl. ¶ 14; Mendoza Decl. ¶ 14.)

Defendants also required Plaintiffs and Mendoza to purchase and wear uniforms with Defendants' company logo on them. (Pino Decl. ¶ 13; Moncada Decl. ¶ 14; Ulloa Decl. ¶ 15; Mendoza Decl. ¶ 15.) However, Defendants did not reimburse them for the costs of such uniforms and did not launder the uniforms or pay them for the cost of laundering such uniforms. (Pino Decl. ¶¶ 14, 15; Moncada Decl. ¶¶ 15, 16; Ulloa Decl. ¶¶ 16, 17; Mendoza Decl. ¶¶ 16, 17.)

Defendants also failed to furnish Plaintiffs and similarly situated employees, including Mendoza, with required pay rate notices and wage statements. (Pino Decl. ¶ 16; Moncada Decl. ¶ 17; Ulloa Decl. ¶ 18; Mendoza Decl. ¶ 18.)

## ARGUMENT

A. Legal Standard

The FLSA mandates that employees be compensated at a rate of not less than one and

one-half times their regular rate for all hours worked in excess of 40 hours per workweek. DiLonez v. Fox Linen Serv., Inc., 35 F. Supp. 3d 247, 251 (E.D.N.Y. 2014) (citing 29 U.S.C. § 207(a)(1)).

Further, "[t]he FLSA permits employees to assert claims on behalf of themselves and 'other employees similarly situated.'" Serebryakov v. Golden Touch Transp. of NY, Inc., 181 F. Supp. 3d 169, 173 (E.D.N.Y. 2016) (citing 29 U.S.C. § 216(b)). "To determine whether such claims can be maintained as FLSA collective actions, the Second Circuit endorses a two-step process." Id. (citing Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010)).

The first step involves the district court making an initial determination to send notice to potential opt-in plaintiffs of the pendency of the action and their opportunity to opt-in into the action. DiLonez, 35 F. Supp. 3d at 252 (citing Myers, 624 F.3d at 554-55). Notice may be sent once Plaintiffs make a "modest factual showing" that they and potential opt-in plaintiffs are "similarly situated" in that they "together were victims of a common policy or plan that violated the law." Id. "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id.[2]

B. Plaintiffs are Similarly Situated to Potential Opt-in Plaintiffs

"Under the lenient standard that governs this conditional certification inquiry, Plaintiffs need only make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common unlawful policy." Serebryakov, 181 F. Supp. 3d at 174. "At this stage, declarations based on Plaintiffs' 'personal experiences and observations' and their conversations

---

[2] "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." DiLonez, 35 F. Supp. 3d at 252 (citing Myers, 624 F.3d at 554-55).

with coworkers … 'are sufficient to establish a factual nexus between the Plaintiffs' and other potential members of the collective. Id. (citation omitted).

Here, Plaintiffs and opt-in plaintiff Mendoza, by their sworn statements, allege that although they generally worked an average of 60-70 hours per week, Defendants only paid them for approximately 40-48 hours per week. (Pino Decl. ¶ 4; Moncada Decl. ¶¶ 4, 5; Ulloa Decl. ¶¶ 4, 5; Mendoza Decl. ¶¶ 3, 4.) Additionally, based on Plaintiffs' and Mendoza's observations and conversations, Defendants' policy of not paying their workers for all of their hours worked also extended to other crew members/field employees. (Pino Decl. ¶¶ 8, 10, 12; Moncada Decl. ¶¶ 9, 11, 13; Ulloa Decl. ¶¶ 10, 12, 14; Mendoza Decl. ¶¶ 10, 12, 14.) Evidence such as this has been found to be sufficient to satisfy the "extraordinarily low" burden of making a "modest factual showing." DiLonez, 35 F. Supp. 3d at 252, 253 (citing Puglisi v. TD Bank, N.A., 998 F. Supp. 2d 95, 100 (E.D.N.Y. 2014)).

### C. Distribution of Notice to Potential Plaintiffs

> Courts have broad discretion to … effectuate the overarching policies of the collective suit provisions and provide employees with accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

DiLonez, 35 F. Supp. 3d at 254 (citing Hernandez v. Immortal Rise, Inc., No. 11-cv-4360, 2012 WL 436974, at *6 (E.D.N.Y. Sept. 24, 2012)).

Plaintiffs seek an order authorizing the distribution of a collective action Notice (in the proposed form annexed in English at **Exhibit B** to the Carolan Decl.) to all non-exempt crew members/field employees who have worked for Defendants at any time within the six years prior to the filing of the Complaint through the date of any order granting conditional certification, because Plaintiffs' NYLL claims have a six year statute of limitations. See DiLonez, 35 F. Supp. 3d at 254 (directing notice be sent to employees who worked for defendants within six year prior

to the filing of the complaint) (citing NYLL § 198(3)); Serebryakov, 181 F. Supp. 3d at 176 (Hon. Ramon E. Reyes) (same) (citing Klimchak v. Cardrona, Inc., No. 09-cv-04311, 2011 WL 1120463, at *7 (E.D.N.Y. Mar. 24, 2011) (same)).

"Courts in this district 'have held that where a case involves both [New York labor law] and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely [state] claims.'" DiLonez, 35 F. Supp. 3d at 254 (brackets in original) (citing Cohan v. Columbia Sussex Mgmt., No. 12-cv-3203, 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013)).

Additionally, courts in this district have typically allowed language such as what is in the attached proposed Notice because "information regarding potential state law claims may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action." DiLonez, 35 F. Supp. 3d at 255 (citing Kemper v. Westbury Operating Corp., No. 12-cv-0895, 2012 WL 4976122, at *4 (E.D.N.Y. Oct. 17, 2012)). "Furthermore, 'information regarding state law claims may help potential plaintiffs determine whether they want to opt in to this suit or to pursue their own claims in a different forum, and it is not clear how the dissemination of such information would harm defendants.'" Id.

Plaintiffs also seek an order authorizing the Notice and Consent form (in the proposed forms, attached in English, at **Exhibits B** and **C**, respectively, to the Carolan Decl.) to be circulated by first class mail and electronic mail in both English and Spanish. "Courts have routinely allowed Notices and Consent forms to be circulated in the 'mother-tongue of non-English speaking groups of potential plaintiffs.'" DiLonez, 35 F. Supp. 3d at 256 (citations omitted). As is the case here, "[s]uch translations are particularly appropriate because all of plaintiffs' declarants primarily speak Spanish." Id.

D.  Dissemination of a Deadline Reminder

Plaintiffs also seek an order authorizing the distribution of a Deadline Reminder disseminated in both English and Spanish to the potential plaintiffs in the proposed form attached, in English, at **Exhibit D** to the Carolan Decl.  See Serebryakov, 181 F. Supp. 3d at 176 (Hon. Ramon E. Reyes) (approving dissemination of uncontested multilingual reminder letter).

E.  Posting of Notice at Defendants' Place of Business

Plaintiffs also seek an order directing the posting of the Notice and copies of the Consent form, in English and Spanish, in conspicuous places at Defendants' place of business.  "Such posting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts."  Serebryakov, 181 F. Supp. 3d at 177 (Hon. Ramon E. Reyes) (granting unopposed request for order directing defendants to post notice and consent forms "in a conspicuous location where it can be easily seen by potential collective action members") (citing Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12-cv-265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012)); see also DiLonez, 35 F. Supp. 3d at 257 (courts routinely approve requests to post notice even when potential plaintiffs will also be notified by mail) (citing Rosario v. Valentine Ave. Disc. Store, Co., Inc., 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) (citation omitted); see also Lujan v. Cabana Mgmt., Inc., No. 10-cv-755, 2011 WL 317984, at *14 (E.D.N.Y. Feb. 1, 2011) ("Defendants shall post copies of the Notice, including any translated versions … in a location conspicuous to all employees ….").

F.  Contact Information for Potential Plaintiffs

Plaintiffs also seek an order directing Defendants to produce, in an agreed-upon electronic format, the names, last known addresses, telephone numbers (both home and mobile), e-mail addresses, and dates of employment of all current and former non-exempt crew

members/field workers who worked for Defendants within any time within the six years prior to the filing of the Complaint through the date of any through the date of any order granting conditional certification. "Courts, when conditionally certifying a collective action, often grant requests for potential plaintiffs' 'names, last known addresses, telephone numbers (both home and mobile), e-mail addresses, and dates of employment' from the defendants." DiLonez, 35 F. Supp. 3d at 258 (citing Puglisi, 998 F. Supp. 2d at 102).

Plaintiffs intend to use the contact information to send Notices and Consent forms to potential plaintiffs and seek an order directing that such information be produced by Defendants within ten (10) calendar days of the date of any order granting conditional certification. See DiLonez, 35 F. Supp. 3d at 258 (ordering production of such information within 10 days of the date of order granting conditional certification).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion for conditional certification be granted together with such other and further relief as the Court may deem proper.

Dated:  New York, New York
         February 23, 2018

                                 **TARTER KRINSKY & DROGIN LLP**
                                 *Attorneys for Plaintiffs*

                                 By:  s/Tara Toevs Carolan
                                       Laurent S. Drogin
                                       Tara Toevs Carolan
                                       1350 Broadway, 11th Floor
                                       New York, New York 10018
                                       (212) 216-8000
                                       ldrogin@tarterkrinsky.com
                                       tcarolan@tarterkrinsky.com