UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDEN PINO, LESTER MONCADA, and
WALTER ULLOA, on behalf of themselves,
individually, and on behalf of all others similarly-situated,

                        Plaintiffs,                        <u>SUMMARY ORDER</u>

        - against -                        17-CV-5910 (KAM) (RER)

HARRIS WATER MAIN & SEWER CONTRACTORS,
INC., STEVEN KOGEL, individually, and
BRETT KOGEL, individually,

                        Defendants.
------------------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

        Plaintiffs Eden Pino ("Pino"), Lester Moncada ("Moncada"), and Walter Ulloa ("Ulloa") (collectively, "Plaintiffs") bring this action on behalf of themselves and other similarly situated current and former workers employed by defendants Harris Water Main & Sewer Contractors, Inc. ("Harris") and individual owners Steven Kogel ("Steven") and Brett Kogel ("Brett") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 190 *et seq.* The Plaintiffs have moved pursuant to FLSA § 216(b) to conditionally certify a collective action and to distribute notice to potential members of the collective. The Defendants oppose the motion. For the following reasons, the Plaintiffs' motion is granted and proposed notice adopted in full.

## BACKGROUND

        Defendant Harris is a New York corporation involved in the construction, maintenance, installation, repair and replacement of commercial and residential water mains and sewer lines in the City of New York. (Dkt. No. 1 ("Compl.") ¶ 3). Harris is owned and operated by Steven

1

and Brett.  (Compl. ¶¶ 4–5).  Plaintiffs worked for Defendants as "crew members/field employees" performing manual labor.  (Declaration of Eden Pino, dated 1/24/18, Dkt. No. 24-5 ("Pino Decl.") ¶ 2; Declaration of Lester Moncada, dated 2/21/18, Dkt. No. 24-6 ("Moncada Decl.") ¶ 2; Declaration of Walter Ulloa, dated 2/21/18, Dkt. No. 24-7 ("Ulloa Decl.") ¶ 2).  Plaintiff Pino worked for the Defendants from approximately 2010 through 2016 and worked an average of 60 hours per week.  (Pino Decl. ¶¶ 2, 4).  Plaintiff Moncada worked for the Defendants from approximately 2005 until June 29, 2015, and worked an average of 70 hours per week.  (Moncada Decl. ¶¶ 2, 4).  Plaintiff Ulloa worked for the Defendants from approximately September 2010 through 2015 and worked an average of 60–65 hours per week.  (Ulloa Decl. ¶¶ 2, 4).

The Plaintiffs allege that during their employment with the Defendants, the Defendants engaged in unlawful practices and maintained unlawful policies regarding workers' hours and wages.  (Compl. ¶¶ 1, 18).  Plaintiffs allege that they frequently worked hours for which the Defendants did not compensate them, including overtime hours.  (Compl. ¶ 18).  Specifically, the Plaintiffs allege that the Defendants did not compensate them for the time they spent loading and unloading trucks at the beginning and end of each day, and that the Defendants reduced Plaintiffs' wages by one hour each day for a lunch break even when the Plaintiffs worked through lunch.  (Pino Decl. ¶¶ 5–6; Moncada Decl. ¶¶ 7–8; Ulloa Decl. ¶¶ 8–9; Compl. ¶ 20).  The Plaintiffs also claim that the Defendants failed to provide them with required pay rate notices and wage statements.  (Compl. ¶ 24).

The Plaintiffs allege that the Defendants retaliated against workers who complained about these unlawful practices.  (Compl. ¶ 1).  Ulloa claims that the Defendants reduced his hours after Ulloa complained about the Defendants' failure to pay overtime wages.  (Ulloa Decl.

2

¶ 5–6). Potential plaintiff Ariel Mendoza ("Mendoza"), who has signed and filed a Consent Form to join this action, claims that the Defendants terminated his employment after Mendoza complained about the Defendants' failure to pay overtime wages. (Declaration of Ariel Mendoza, dated 2/23/18, Dkt. No. 24-8 ("Mendoza Decl.") ¶ 4).

The Plaintiffs, based on their observations of and conversations with other individuals working for the Defendants, became aware that other workers had similar experiences during the course of their employment with the Defendants. Specifically, the Plaintiffs saw other crew members/field employees loading and unloading trucks, work for which those workers told Plaintiffs they were not being paid. (Pino Decl. ¶¶ 8, 12; Moncada Decl. ¶¶ 9, 13; Ulloa Decl. ¶¶ 10, 14). Further, Plaintiffs never saw a separate crew with the specific task of loading and unloading trucks. (Pino Decl. ¶ 7; Moncada Decl. ¶ 6; Ulloa Decl. ¶ 7). The Plaintiffs are also aware that some workers had to work through their lunch breaks but were not compensated for these working lunch breaks. (Pino Decl. ¶ 10; Moncada Decl. ¶ 11; Ulloa Decl. ¶ 12). Other workers also told Plaintiffs that the Defendants had not furnished those workers with pay notices or wage statements. (Pino Decl. ¶ 16; Moncada Decl. ¶ 17; Ulloa Decl. ¶ 18). Accordingly, the Plaintiffs seek conditional certification to allow similarly situated individuals the opportunity to opt in to the present action.

## DISCUSSION

A. Conditional Certification

   i. Standard of Review

Section 216(b) of the FLSA authorizes a collective action suit, which allows an employee to assert claims on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216.

The Second Circuit has endorsed a two-step method to determine whether to certify an FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

In the first step, the court determines whether to allow the plaintiff to send notice to other potential plaintiffs of the opportunity to opt in to the suit. *See id.* at 555. This initial determination is based on whether there exist potential plaintiffs who are "similarly situated" to the plaintiff with respect to the alleged FLSA violation. *See id.* Plaintiffs need only make a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (internal citations and quotations omitted). In this initial determination, the court applies a "lenient evidentiary standard" and does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," because minimal evidence is available at this first stage. *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (internal citations and quotations omitted). Rather, "the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *Id.* (quoting *Palman v. CVS Caremark Corp.*, 10-cv-2075 (JFB) (ARL), 2011 U.S. Dist. LEXIS 102338, at *2–3 (E.D.N.Y. Sept. 12, 2010)). In the present case, the Plaintiffs move for this first step of the two-step method.

If the court conditionally certifies the collective in the first step, then the court proceeds to the second step. In the second step, after potential plaintiffs have opted in and discovery is largely completed, the court will reassess whether the plaintiffs are in fact "similarly situated," and the court may reverse the preliminary determination if necessary. *Myers*, 624 F.3d at 555.

    ii.    Sufficiency of the Basis for Plaintiffs' Allegations

4

In support of this motion, Plaintiffs have submitted four declarations, one each from Pino, Moncada, Ulloa, and Mendoza.  The Plaintiffs and Mendoza allege in their declarations that the Defendants engaged in numerous FLSA and NYLL violations.  The alleged violations include: failure to pay earned overtime wages (Pino Decl. ¶ 4; Moncada Decl. ¶¶ 4–5; Ulloa Decl. ¶¶ 4–5; Mendoza Decl. ¶¶ 4–5), failure to pay earned wages for time spent loading and unloading trucks (Pino Decl. ¶¶ 5–6; Moncada Decl. ¶¶ 7–8; Ulloa Decl. ¶¶ 8–9; Mendoza Decl. ¶¶ 7–8), failure to provide proper lunch breaks and deducting pay for lunch breaks not taken (Pino Decl. ¶ 9; Moncada Decl. ¶ 10; Ulloa Decl. ¶ 11; Mendoza Decl. ¶ 11), failure to provide reimbursement for the costs of purchasing and laundering required uniforms (Pino Decl. ¶¶ 13–15; Moncada Decl. ¶¶ 14–16; Ulloa Decl. ¶¶ 15–17; Mendoza Decl. ¶¶ 15–17), failure to furnish required pay rate notices and wage statements (Pino Decl. ¶ 16; Moncada Decl. ¶ 17; Ulloa Decl. ¶ 18; Mendoza Decl. ¶ 18), and retaliation in the form of hours reduction (Ulloa Decl. ¶¶ 5–6) and termination of employment (Mendoza Decl. ¶¶ 4–5) in response to complaints regarding the aforementioned violations.  Further, based on their conversations with and observations of other workers employed by Defendants, the Plaintiffs allege that other workers were also subjected to these alleged violations.  (Pino Decl. ¶¶ 8, 10, 12, 16; Moncada Decl. ¶¶ 9, 11, 13, 17; Ulloa Decl. ¶¶ 10, 12, 14, 18; Mendoza Decl. ¶¶ 10, 12, 14, 18).

These declarations and the Plaintiffs' complaint are sufficient to meet the minimal evidentiary burden on the Plaintiffs imposed by the first step of the two-step method for certification of an FLSA collective action.  Plaintiffs' claims, based on their own conversations and observations, that the Defendants have subjected other workers to the same alleged violations provide evidence that there exist workers similarly situated to the Plaintiffs and that they together were victims of a common policy that violated the FLSA.  The Plaintiffs offer only

5

the four declarations and the pleadings to support their allegations; nevertheless, courts in this Circuit consistently grant conditional certifications based on the pleadings and affidavits or declarations by plaintiffs. *See Myers*, 624 F.3d at 555; *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 314 (E.D.N.Y. 2016); *Escano v. N & A Produce & Grocery Corp.*, 14-cv-4239 (PAC), 2015 WL 1069384, at *2 (S.D.N.Y. Mar. 11, 2015); *Bifulco v. Mortgage Zone, Inc.* 262 F.R.D. 209, 212 (E.D.N.Y. 2009). The Plaintiffs' allegations are sufficient to meet this Circuit's lenient standard for conditional certification of the collective action.

   iii. Defendants' Arguments Against Conditional Certification

  The Defendants concede that the Plaintiffs' evidentiary burden in the first step of the two-step method is "modest" and that this burden may be met through reference to the Plaintiffs' "own personal knowledge." (Dkt. No. 25 ("Defs.' Opp. Mem.") at 3–4). Notwithstanding this concession, the Defendants insist that the Plaintiffs have not met their burden. The Defendants claim that the Plaintiffs' allegations are "boilerplate" and "conclusory." (Defs.' Opp. Mem. at 4). Further, the Defendants argue that the Plaintiffs and potential opt-in plaintiffs are neither similarly situated nor victims of a common policy that violates the FLSA. (Defs.' Opp. Mem. at 3–4). Given the low evidentiary standard at this first step of the two-step method of collective action certification, the Defendants fail to present an argument that would justify denial of the conditional certification.

  The cases upon which Defendants rely to show the insufficiency of the Plaintiffs' allegations are distinguishable. In the Defendants' cases, the plaintiffs *did* make modest factual showings that some potential opt-in plaintiffs existed; however, those courts denied the conditional certifications because the plaintiffs sought to conditionally certify collectives that included potential plaintiffs who were outside the scope of the plaintiffs' modest factual

showings. *See Sanchez v. JMP Ventures, L.L.C.*, 13-cv-7264 (KBF), 2014 WL 465542, at *1–2 (S.D.N.Y. Jan. 27, 2014) (denying certification when the plaintiff worked at two restaurant locations for seven months but the proposed collective included individuals who worked at a separate restaurant over the previous three years); *Urresta v. MBJ Cafeteria Corp.*, 10-cv-8277 (RWS), 2011 U.S. Dist. LEXIS 120126, at *6–9, *15–26 (S.D.N.Y. Oct. 17, 2011) (denying certification when the plaintiff worked at one college restaurant but the proposed collective included individuals who were employed at three separate college restaurants controlled by separate corporate entities); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 476–79 (S.D.N.Y. Nov. 16, 2010) (denying certification when the plaintiffs worked at nine stores in the New York metropolitan area but the proposed collective included individuals who worked in 820 stores nationwide). In the present case, those problems of scope are not present. Indeed, in this case all potential members of the collective worked at a single business location during the same period as the Plaintiffs and performed similar jobs. The court does not decide factual disputes or issues on the merits at this point in the litigation. *McGlone*, 867 F. Supp. 2d at 442. Many of the Defendants' arguments raise factual disputes. (Defs.' Opp. Mem. at 3–4). After discovery is largely completed, Defendants will have the opportunity to move to decertify the collective. At this preliminary stage, however, the Plaintiffs have met their low evidentiary burden and the Defendants have not offered a meritorious argument for denying conditional certification.

B. Proposed Notice

Although district courts may use their discretion to determine what constitutes adequate notice to a potential collective under the FLSA, the FLSA generally requires that "the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Whitehorn v.*

*Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011). Here, Plaintiffs' proposed notice meets this standard, so the Court adopts it in full.

The Defendants have four primary objections to the Plaintiffs' proposed notice: (1) that the notice period is excessive and improper and should be reduced to three years, (2) that the notice period should begin to run from the date of the mailing, (3) that the language contained in the subject line of the notice is "unduly argumentative" and should be removed, and (4) that the notice should not be posted at the Defendants' place of business during business hours. (Defs.' Opp. Mem. at 5–8). The Court rejects each of these objections.

First, although the Plaintiffs have not yet obtained certification of a NYLL class action, courts in this circuit regularly allow FLSA collective action notices to extend back to the six-year NYLL statute of limitations. *See, e.g., Pineda v. Jim-Mar Consultants, Inc.*, 741 F. Supp. 2d 403, 403–05 (E.D.N.Y. 2010). Allowing a six-year statute of limitations is especially common in cases where the potential class is not very large. *See Klimchak v. Cardrona, Inc.*, 09-cv-0411 (SJF) (ARL), 2011 WL 1120463, at *7 (E.D.N.Y. March 24, 2011). In the present case, the potential class, which the Plaintiffs estimate to be eighty former and current employees (Compl. ¶ 57), is not large enough to justify denying a six-year notice period due to class size. *See Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 327–28 (S.D.N.Y. 2011) (approving six-year notice period for class of up to 78 potential plaintiffs), *rev'd on other grounds*, 553 Fed. Appx. 11 (2d Cir. 2013); *Gani v. Guardian Services Industries Inc.*, 10-cv-4433 (CM) (JCF), 2011 WL 167844, at *1–2 (S.D.N.Y. Jan. 13, 2011) (approving six-year notice period for class of up to 200 potential plaintiffs); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369–70 (S.D.N.Y. 2007) (approving six-year notice period for class of up to 125 potential plaintiffs). Further, it is "appropriate and in the interest of judicial economy" for the court to allow the

notice to reach former employees whose claims may be barred by the FLSA statute of limitations but not by the NYLL statute of limitations. *Pineda*, 741 F. Supp. 2d at 404.

Second, because equitable tolling issues often arise for prospective plaintiffs, it is appropriate for the court to allow the notice period to be set from the date of the Complaint rather than the date of the mailing of the notice. *See Cohan v. Columbia Sussex Management, LLC*, 12-cv-3203 (JS) (AKT), 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013). Therefore, the notice period will be six years from the date of the filing of the Complaint.

Third, the language in the subject line is not unduly argumentative or unnecessary. The subject line reads "RE: Lawsuit filed against Harris Water Main & Sewer Contractors, Inc., Steven Kogel and Brett Kogel seeking unpaid wages." Here, the inclusion of a subject line adds clarity to the notice and accurately identifies the three defendants in this action and provides a brief statement of the nature of the suit. (Dkt. No. 24-2 ("Proposed Notice") at 1). The inclusion of the names of the Defendants supports the policy of ensuring that a potential opt-in plaintiff can make an informed decision regarding whether to participate in the action. *See Whitehorn*, 767 F. Supp. 2d at 450. The Defendants fail to show that the inclusion of the subject line is unnecessary or excessive or that the content of the subject line is misleading, harassing, or unduly argumentative.

Fourth, courts in this circuit routinely allow for the posting of notices in the Defendants' place of business, even when potential opt-in plaintiffs will also receive notification by mail. *See Whitehorn*, 767 F. Supp. 2d at 449; *see also Fa Ting Wang v. Empire State Auto Corp.*, 14-cv-1491 (WFK) (VMS), 2015 WL 4603117, at *18–17 (E.D.N.Y. June 29, 2015), *adopted*, 2015 WL 4603117 (E.D.N.Y. July 29, 2015). Defendants have failed to show how the posting of the notice in the Defendants' place of business would cause confusion, disruption, or other negative

effects that would amount to an undue burden on the Defendants. *See Enriquez v. Cherry Hill Market Corp.*, 10-cv-5616 (FB) (ALC), 2012 WL 440691, at *5 (E.D.N.Y. Feb. 10, 2012).

The Plaintiffs request an order authorizing the distribution of a multilingual deadline reminder to the potential plaintiffs. (Dkt. No. 22 ("Pls.'s Mot.") at 1). The Plaintiffs also request an order directing Defendants to produce, in the agreed-upon electronic format and within ten calendar days of the date of this order granting conditional certification, the names, last known addresses, telephone numbers, e-mail addresses, and dates of employment of all current and former non-exempt crew members/field workers who worked for Defendants any time within the six years prior to the filing of the Complaint through the date of this order granting conditional certification. (Pls.' Mot. at 1–2). The Defendants do not contest these requests; therefore, they are granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification is granted and the proposed notice is approved in its entirety.

SO ORDERED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 2, 2018
Brooklyn, NY